The Honorable T.J. Hively Prosecuting Attorney Sixteenth Judicial Circuit P.O. Box 2476 Batesville, Arkansas 72503
Dear Mr. Hively:
This is in response to Deputy Prosecuting Attorney Russell Green's request for an opinion on two questions regarding the voting locations in the City of Fairfield Bay. Specifically, Mr. Green indicates that Fairfield Bay is a city of the second class, portions of which are located in both Van Buren and Cleburne Counties. It has three wards, two of which are in Van Buren County (Wards 1 and 3) and one of which is in both Van Buren and Cleburne Counties (Ward 2). The Cleburne County portion of Ward 2 is in Morgan Township. The Van Buren County portion of Wards 1 and 3 and part of Ward 2 of Fairfield Bay is in part of Union Township, part of Red River Township, and all of Indian Rock Township. Mr. Green indicates that the Cleburne County voters in Ward 2 presently vote outside the city limits of Fairfield Bay. Additionally, some Van Buren County voters voting in Wards 1 and 2 also vote outside the city limits of Fairfield Bay, while others do vote in the city limits. Mr. Green also references A.C.A. § 14-44-103(d) which states that "cities of the second class that elect their aldermen citywide may have one (1) public place only for holding elections." Mr. Green indicates that the City of Fairfield Bay elects its aldermen citywide and prefers to have only one polling place within the city limits for all voters (whether residing in Cleburne or Van Buren County). Two questions are posed relative to this statute and they are as follows:
 1) Is this preference for one polling place permitted or required by law?
 2) If so, what are the steps required to bring it about?
It is my opinion that while this statute would ordinarily operate in cities of the second class, it can have no applicability in cities which cover territory in more than one county. Having only one polling place in such cities raises numerous practical problems of jurisdiction of county boards of election commissioners and also balloting and vote counting procedures. I do not believe it was the legislative intent to authorize one polling place in such cities. Thus, it is unnecessary to specifically answer the two questions you have posed.
It should be noted as an initial matter that it appears the township lines surrounding Fairfield Bay are not in compliance with law. Section 14-40-408 (1987) of the Arkansas Code provides that "When any municipality in this state shall include within its limits territory situated in two (2) or more counties, the territory situated in each county shall be a separate township and shall be established as such by the county courts of the respective counties." It appears that at least the Van Buren County portion of Fairfield Bay currently covers more than one township. This is not in compliance with A.C.A. § 14-40-108. In my opinion that portion of the City of Fairfield Bay which is in Van Buren County should be a separate township. That portion of Fairfield Bay which is in Cleburne County should also be a separate township, if it is not already. This requirement will enable the county board of election commissioners for each county to establish precincts and voting places so that each may exercise jurisdiction over voters in its county, and so that ballots can be cast separately in each county. If one voting place were established for the voters of Fairfield Bay, for example, in the upcoming general election,[1] voters from two different counties would vote at that location. How would votes for local county races be cast? Would there have to be separate ballots at this polling place for Van Buren County voters and Cleburne County voters so that Van Buren County residents could vote on Van Buren County offices and measures and Cleburne County voters could vote on Cleburne County offices and measures appearing on the general election ballot? Which county's board of election commissioners would appoint the judges and clerks of the election and certify the results? These practical problems, in my opinion, would preclude the City of Fairfield Bay from having only one polling place for the City, the residents of which live in two different counties.
Of course, the county board of election commissioners in each county has the authority to designate precinct boundaries and voting places in their respective counties. See A.C.A. §7-5-101 (1987). These should be arranged so that the voters of each county are allowed to vote on all measures which they are entitled to vote upon and no others.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It should be noted that the issue as regards the general election of 1994 is actually moot, as the deadline for changing precinct boundaries or voting places has already passed. See
A.C.A. § 7-5-101(a)(1987). The county board of election commissioners may not change precinct boundaries, create new precincts, or change voting places, within thirty days of any election. Id.